SEALED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 16cr10107- |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| 1.  JOSEPH YERARDI, ) | 18 U.S.C. § 1955 - |
| 2.  ANTHONY CORSO, ) | Illegal Gambling Business |
| 3.  MICHAEL BURKE, ) | |
| 4.  ROBERT CONWAY, and ) | 18 U.S.C. § 892(a) - |
| 5.  MICHAEL HABICHT, ) | Conspiracy to Make and Making |
| ) | Exortionate Extensions of Credit |
| Defendants. ) | |
| ) | 18 U.S.C. § 894(a) - |
| ) | Conspiracy to Collect and Collecting |
| ) | Extensions of Credit |
| ) | by Extortionate Means |
| ) | |
| ) | 18 U.S.C. § 2 - |
| ) | Aiding and Abetting |
| ) | |
| ) | 18 U.S.C. §§ 981(a)(1)(C) & 1955(d) & |
| ) | 28 U.S.C. § 2461(c) - |
| ) | Criminal Forfeiture Allegations |

INDICTMENT

COUNT ONE:   (18 U.S.C. § 1955 - Illegal Gambling Business)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but from at least in or about March 2015, and continuing thereafter until in or about April 2016, in the District of Massachusetts, the defendants,

1.  JOSEPH YERARDI,
2.  ANTHONY CORSO,
3.  MICHAEL BURKE,
4.  ROBERT CONWAY, and
5.  MICHAEL HABICHT,

and others known and unknown to the Grand Jury, conducted, financed, managed, supervised,

directed, and owned all and part of an illegal gambling business which was in violation of the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 16A, 17, and 17A of the General Laws of the Commonwealth of Massachusetts), involved five or more persons who conducted, financed, managed, supervised, directed, and owned all and part of such business, and was in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

All in violation of Title 18, United States Code, Sections 1955 and 2.

**COUNT TWO:** (18 U.S.C. § 892(a) – Conspiracy To Make Extortionate Extensions of Credit)

The Grand Jury further charges that:

From a date unknown to the Grand Jury, but from at least in or about October 2015, and continuing thereafter until in or about April 2016, in the District of Massachusetts and elsewhere, the defendants,

    1.    **JOSEPH YERARDI** and
    2.    **ANTHONY CORSO,**

conspired with each other, and with others known and unknown to the Grand Jury, to make extortionate extensions of credit, as defined in 18 U.S.C. § 891(6), to persons known and unknown to the Grand Jury.

All in violation of Title 18, United States Code, Sections 892(a) and 2.

**COUNT THREE:    (18 U.S.C. § 892(a) - Making Extortionate Extensions of Credit)**

The Grand Jury further charges that:

From on or about October 26, 2015, and continuing thereafter until in or about April 2016, at Saugus and elsewhere, in the District of Massachusetts, the defendants,

    1.    **JOSEPH YERARDI** and
    2.    **ANTHONY CORSO,**

did make extortionate extensions of credit, as defined in 18 U.S.C. § 891(6), to Debtor #1, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 892(a) and 2.

**COUNT FOUR:**     (18 U.S.C. § 892(a) - Making Extortionate Extensions of Credit)

The Grand Jury further charges that:

From on or about November 17, 2015, and continuing thereafter until in or about April 2016, at Brighton and elsewhere, in the District of Massachusetts, the defendants,

    1.    **JOSEPH YERARDI and**
    2.    **ANTHONY CORSO,**

did make extortionate extensions of credit, as defined in 18 U.S.C. § 891(6), to Debtor #2, whose identity is known to the Grand Jury.

All in violation of Title 18, United States Code, Sections 892(a) and 2.

**COUNT FIVE:**     (18 U.S.C. § 894(a) – Conspiracy To Collect of Extensions of Credit by Extortionate Means)

The Grand Jury further charges that:

From a date unknown to the Grand Jury, but from at least in or about October 2015, and continuing thereafter until in or about April 2016, in the District of Massachusetts and elsewhere, the defendants,

        1.     **JOSEPH YERARDI,**
        2.     **ANTHONY CORSO,**
        3.     **MICHAEL BURKE, and**
        4.     **ROBERT CONWAY,**

conspired with each other, and with others known and unknown to the Grand Jury, to knowingly participate in the use of extortionate means, as defined in 18 U.S.C. § 891(7), to collect and attempt to collect extensions of credit and to punish persons for the nonpayment thereof.

All in violation of Title 18, United States Code, Section 894(a).

**COUNT SIX:** (18 U.S.C. § 894(a) - Collection of Extensions of Credit by Extortionate Means)

The Grand Jury further charges that:

From in or about October 2015 and continuing thereafter until in or about April 2016, in the District of Massachusetts, the defendants,

1. **JOSEPH YERARDI, and**
2. **ANTHONY CORSO,**

did knowingly participate in the use of extortionate means, as defined in 18 U.S.C. § 891(7), to collect and attempt to collect an extension of credit from Debtor #1, whose identity is known to the Grand Jury, and to punish Debtor #1 for the nonpayment thereof.

All in violation of Title 18, United States Code, Sections 894(a) and 2.

**COUNT SEVEN:** **(18 U.S.C. § 894(a) - Collection of Extensions of Credit by Extortionate Means)**

The Grand Jury further charges that:

From in or about November 2015 and continuing thereafter until in or about April 2016, in the District of Massachusetts, the defendants,

    1.    **JOSEPH YERARDI, and**
    2.    **ANTHONY CORSO,**

did knowingly participate in the use of extortionate means, as defined in 18 U.S.C. § 891(7), to collect and attempt to collect an extension of credit from Debtor #2, whose identity is known to the Grand Jury, and to punish Debtor #2 for the nonpayment thereof.

All in violation of Title 18, United States Code, Sections 894(a) and 2.

**COUNT EIGHT:** (18 U.S.C. § 894(a) - Collection of Extensions of Credit by Extortionate Means)

The Grand Jury further charges that:

From on or about October 29, 2015 and continuing thereafter until in or about April 2016, at South Boston and elsewhere, in the District of Massachusetts, the defendants,

    1.    **JOSEPH YERARDI, and**
    3.    **MICHAEL BURKE,**

did knowingly participate in the use of extortionate means, as defined in 18 U.S.C. § 891(7), to collect and attempt to collect an extension of credit from Debtor #3, whose identity is known to the Grand Jury, and to punish Debtor #3 for the nonpayment thereof.

All in violation of Title 18, United States Code, Sections 894(a) and 2.

**COUNT NINE:** **(18 U.S.C. § 894(a) - Collection of Extensions of Credit by Extortionate Means)**

The Grand Jury further charges that:

From a date unknown to the Grand Jury but no later than on or about December 26, 2015 and continuing thereafter until in or about January 2016, at Peabody and elsewhere, in the District of Massachusetts, the defendants,

1. **JOSEPH YERARDI,**
2. **ANTHONY CORSO, and**
4. **ROBERT CONWAY,**

did knowingly participate in the use of extortionate means, as defined in 18 U.S.C. § 891(7), to collect and attempt to collect an extension of credit from Debtor #4, whose identity is known to the Grand Jury, and to punish Debtor #4 for the nonpayment thereof.

All in violation of Title 18, United States Code, Sections 894(a) and 2.

**COUNT TEN:**     (18 U.S.C. § 894(a) - Collection of Extensions of Credit by Extortionate Means)

The Grand Jury further charges that:

From on or about December 26, 2015 and continuing thereafter until in or about April 2016, at Somerville and elsewhere, in the District of Massachusetts, the defendants,

    1.    **JOSEPH YERARDI, and**
    2.    **ANTHONY CORSO,**

did knowingly participate in the use of extortionate means, as defined in 18 U.S.C. § 891(7), to collect and attempt to collect an extension of credit from Debtor #5, whose identity is known to the Grand Jury, and to punish Debtor #5 for the nonpayment thereof.

All in violation of Title 18, United States Code, Sections 894(a) and 2.

**COUNT ELEVEN:** (18 U.S.C. § 894(a) - Collection of Extensions of Credit by Extortionate Means)

The Grand Jury further charges that:

From on or about December 23, 2015 and continuing thereafter until in or about April 2016, at East Boston and elsewhere, in the District of Massachusetts, the defendants,

1. **JOSEPH YERARDI,**
2. **ANTHONY CORSO, and**
3. **MICHAEL BURKE,**

did knowingly participate in the use of extortionate means, as defined in 18 U.S.C. § 891(7), to collect and attempt to collect an extension of credit from Debtor #6, whose identity is known to the Grand Jury, and to punish Debtor #6 for the nonpayment thereof.

All in violation of Title 18, United States Code, Sections 894(a) and 2.

## CRIMINAL FORFEITURE ALLEGATIONS
(18 U.S.C. §§ 1955(d), 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this indictment,

   1. JOSEPH YERARDI,
   2. ANTHONY CORSO,
   3. MICHAEL BURKE,
   4. ROBERT CONWAY, and
   5. MICHAEL HABICHT,

defendants herein, jointly and severally, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 1955(d), and 28 U.S.C. § 2461(c), any property, including money, used in the offense in violation of 18 U.S.C. § 1955(a); and any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. a money judgment equal to the total amount of money used in the offense charged in Count One.

2. Upon conviction of one or more of the offenses alleged in Counts Two through Eleven of this indictment,

   1. JOSEPH YERARDI,
   2. ANTHONY CORSO,
   3. MICHAEL BURKE, and
   4. ROBERT CONWAY,

defendants herein, jointly and severally, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. a money judgment equal to the total amount of proceeds obtained as a result of the offenses.

3. If any of the property described in Paragraphs 1 and 2 above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraphs 1 and 2 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1955(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
TIMOTHY E. MORAN
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; April 13, 2016.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

12:01 pm