## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | **Criminal No. 16-10107-DJC** |
| ) | |
| **JOSEPH YERARDI,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                    **April 21, 2020**

### I.     Introduction

Petitioner Joseph Yerardi ("Yerardi" or "the Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition"). D. 218. For the reasons discussed below, the Court DENIES the Petition.

### II.    Standard of Review

An incarcerated person may seek post-conviction relief under § 2255 if his sentence "(1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). It is Petitioner's burden to make out a claim for such relief. Id.

### III.   Relevant Factual and Procedural Background

On April 13, 2016, Yerardi was charged, along with others, in a eleven-count indictment charging him with illegal gambling business in violation of 18 U.S.C. § 1955, conspiracy to make extortionate extensions of credit in violation of 18 U.S.C. § 892(a), making extortionate extensions

of credit in violation of 18 U.S.C. § 892(a), conspiracy to collect extensions of credit by extortionate means in violation of 18 U.S.C. § 894(b); and collecting extensions of credit by extortionate means in violation of 18 U.S.C. § 894(a).  D. 17.  On December 20, 2016, Yerardi plead guilty to all counts of the indictment, D. 89, pursuant to a plea agreement with the government pursuant to Fed. R. Civ. P. 11(c)(1)(C).  D. 90.  Under that agreement, among other things, Yerardi agreed that he "waives any rights [he] may have to challenge the agreed-upon sentence . . . on direct appeal and in a future proceeding (collateral or otherwise) such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241."  D. 90 at 5.  Yerardi further acknowledged in that agreement that "Defendant understands and agrees that in entering into this Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final."  Id.  The Court held Yerardi's sentencing on March 17, 2017 and, having considered the factors under 18 U.S.C. § 3553(a), accepted the parties' agreed-upon sentence and imposed a sentence of 84 months incarceration, three years supervised release, no fine, $1100 special assessment and forfeiture.  D. 121, 130, 131.  The Court entered judgment on March 22, 2017.  D. 130.

Yerardi did not appeal his conviction or sentence.  He has now filed the Petition, almost two years after the judgment in this case has become final.

**IV.    Grounds for Relief**

In a filing that the Court has treated a petition for relief under 28 U.S.C. § 2255, Yerardi seeks relief from his sentence, invoking Johnson v. United States , __ U.S. __, 135 S. Ct. 2551 (2015) ("Johnson II") and Raines v. United States, 898 F.3d 680 (6th Cir. 2018).  Even if the Petition was timely or that Yerardi had not waived his right to file this Petition to challenge his sentence, the grounds for the Petition do not warrant the relief that he seeks.

V.     **Discussion**

A.     <u>**The Petition is Untimely**</u>

The Petition filed by Yerardi is untimely.  Under 28 U.S.C. § 2255(f), a habeas corpus petition filed by a prisoner in federal custody is subject to a one-year statute of limitations period that runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f).  Only subsections (1), (3), (4) are relevant here since there is no argument that there was some government-created impediment to Yerardi filing a timely Petition.  Considering subsection (1), the Petition is untimely because Fernandez did not file it until February 11, 2019, D. 218, well after one year from the date by which he could have appealed the March 17, 2017 judgment, D. 130, to the First Circuit, <u>see</u> Fed. R. App. 4(b)(1)(A) (giving a defendant fourteen days from the entry of judgment to file a direct appeal), which is the date on which the judgment here became final. <u>See</u> <u>Sanchez-Castellano v. United States</u>, 358 F.3d 424, 425 (6th Cir. 2004). Subsection (3) does not save the Petition because the Supreme Court's ruling in <u>Johnson II</u>, upon which Yerardi relies, was issued in 2015, more than a year before the filing of the Petition. Similarly, subsection (4) does not save the Petition since Yerardi has not shown a later date on which the facts supporting his claim could have been discovered through "the exercise of due diligence."  Yerardi has not shown the exercise of due diligence in discovery of his claim where

the Supreme Court decided <u>Johnson</u> II, the case upon which he relies, and which gave rise to the Sixth Circuit's decision in <u>Raines</u>, well over a year before the filing of the Petition.   To the extent that Yerardi is suggesting that he should be entitled to equitable tolling, the Court cannot agree. "[E]quitable tolling should be invoked only 'sparingly'" and "at a minimum, equitable tolling is appropriate only when circumstances beyond the petitioner's control have prevented him from filing on time." <u>Neverson v. Farquharson</u>, 366 F.3d 32, 41 (1st Cir. 2004).   The Court does not conclude that such showing has been met here. Accordingly, the Court concludes that the Petition is time-barred.

### B.     <u>Yerardi Waived this Collateral Attack to His Sentence</u>

Even if the Petition was not untimely, Yerardi knowingly and voluntarily waived his right to bring it.  A defendant's waiver of appellate rights is enforceable if (1) "the written waiver must comprise 'a clear statement' describing the waiver and specifying its scope"; (2) "the record must show that the judge's interrogation 'suffice[d] to ensure that the defendant freely and intelligently agreed to waive [his or] her right to appeal"; and 3) even if the first two are satisfied, the denial of a right to appeal will not "work a miscarriage of justice." <u>United States v. Morillo</u>, 910 F.3d 1, 2 (1st Cir. 2018) (quoting <u>United States v. Teeter</u>, 257 F.3d 14, 24 (1st Cir. 2001)); <u>see</u> Fed. R. Crim. P. 11(b)(1)(N) (requiring that before a court accepts a plea, the district court inform, and determine that the defendant understands, any terms in the plea agreement that waive the right to appeal or collaterally attack the sentence).

With this standard in mind, Yerardi's waiver of his right to appeal or collaterally attack his sentence, including by a § 2255 petition, is enforceable.  First, the language in the plea agreement was clear about the waiver, its scope and application not just to any direct appeal, but to collateral attacks, including "in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C.

§ 2255" regarding the agreed-upon sentence.  D. 90 at 4-5.  The plea agreement also indicates that

Yerardi "has conferred with his attorney" about these matters and understands that he is waiving

rights that he might otherwise have to challenge his conviction and sentence.  D. 90 at 5.  At the

plea hearing, the Court turned Yerardi's attention to this specific provision of the plea agreement,

Paragraph 7, D. 89; transcript of 12/20/16, and Yerardi indicated that he understand this waiver of

his rights and had the opportunity to discuss this provision of the plea agreement with his counsel

before he signed the plea agreement.  Id.  Lastly, enforcing this waiver, and thereby barring this

Petition, would not amount to a miscarriage of justice.  This is particularly true where the plea

agreement conferred a benefit on Yerardi (where the agreed-upon sentence was at the low-end of

the GSR of 84-105 months), D. 131 at 1; see Sotirion v. United States, 617 F.3d 27, 38-39 (1st Cir.

2010) (noting that "far from working a miscarriage of justice, [defendant's] plea agreement

conferred significant benefits on him") and, as discussed below, the grounds raised in the Petition

are not meritorious.

### C.    <u>Even on the Merits, Habeas Relief is Not Warranted</u>

Even if the Petition was not untimely and Yerardi had not waived his right to bring the

Petition, the grounds in the Petition fail on the merits.  A § 2255 Petition must be based upon a

claim of a violation of the U.S. Constitution or federal law, that the court lacked jurisdiction to

impose the sentence, the sentence was in excess of the statutory maximum or "is otherwise subject

to collateral attack."  28 U.S.C. § 2255(a).

There is no violation of federal law, suggestion that the court lacked jurisdiction or that

Yerardi's sentence was in excess of the statutory maximum.  Accordingly, this Court focuses upon

whether his claim is cognizable as a violation of constitutional law (in the wake of Johnson II or

its progeny) or under the "otherwise subject to collateral attack" basis for a 2255 petition.  To make

this latter showing, Yerardi must show that the alleged error he relies upon "inherently results in a complete miscarriage of justice" or an "omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). As Yerardi has made neither showing, the Petition fails.

The cases upon which Yerardi relies concern whether the Court could rely upon certain prior convictions as predicates for a sentence as an armed career criminal ("ACC") or career offender. Johnson II, 135 S. Ct. at 2563 (holding that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process"); Raines, 898 F.3d at 690 (applying Johnson II and concluding that defendant's conviction for collecting credit by extortionate means was not an enumerated offense under the ACCA or under its use-of-force clause and that it could not stand under the "now-invalidated residual clause" as a predicate for his ACCA sentence). These cases are inapposite to Yerardi's sentence since he was not sentenced as an ACC or career offender. Instead, his sentence was calculated under the application of his advisory base offense level of 25 (adjusted for acceptance of responsibility) and the Criminal History category of IV for an advisory sentencing guideline range of 84-105 months. PSR, ¶¶ 142, 155, 209; D. 131 (adopting this calculation). The Court, after considering the factors under 18 U.S.C. § 3553(a), accepted the parties' jointly recommended sentence of 84 months, at the low-end of this range. That the Court considered the length and breadth of Yerardi's criminal history, much of which was not scored as part of the CHC because of the age of the convictions, PSR, ¶¶ 147-50, was part of the permissible considerations that the Court must make under 18 U.S.C. § 3553(a) (listing "the history and characteristics of the defendant" as one of the sentencing factors for judges to consider in sentence), see D. 131-1 at 4-

6 (discussing, among other things, Yerardi's criminal history).  Such consideration was not in regard to ACCA or career offender and does not otherwise implicate <u>Johnson II</u> or its progeny.

Accordingly, even reaching the merits of Yerardi's claim, the Petition fails.

## VI.     Conclusion and Certificate of Appealability

For the foregoing reasons, the Court DENIES the Petition, D. 189.

A petitioner may receive a certificate of appealability only if he has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  Such a showing is made when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Based upon its analysis of the record and the applicable law, this Court does not, at this time, conclude that "reasonable jurists" could debate this Court's conclusion.  <u>Id.</u> Accordingly, the Court is not inclined to issue a certificate of appealability but will give Petitioner until June 1, 2020 to file a memorandum, not to exceed five pages, if he desires to address the issue of whether a certificate of appealability is warranted as to the Petition.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge